## No. 129.

### Benjamin F. Marshal v. Sims, Billups & Co.

1. Where a commercial firm and its members are sued *in solido*, and judgment is so rendered against them, a suspensive appeal, in the name of the firm, with the bond of the firm, brings up the whole case, and suspends execution as to the individual members.

2. Parties sued as composing an existing firm, and condemned as such, may appeal in the firm name. This Court will not examine the record for evidence showing that the firm was in fact dissolved at the date of the institution of suit, or of the judgment.

3. The principle, that upon the dissolution of a partnership its firm name ceases to exist, does not prevent the former partners from using it, by common consent, in any particular transaction.

4. So, where all the members of a dissolved firm join in the use of the firm name upon the bond of appeal, the appeal will not be dismissed.

5. Parties to a contract discovering that they have been deceived or defrauded therein, must, in order to avail themselves of the fraud, so soon as the vice comes to their knowledge, repudiate the entire agreement.

6. If, instead of so doing, they advisedly continue to carry out the contract, objection is waived.

7. A party cannot demand the partial rescission of a contract.

8. He who approves of a contract vicious as to him, or executes it even partially, is estopped from subsequently disputing the contract, because of such vice.

9. An employer, who continues an employee in his service after learning of negligence or misconduct upon the part of the latter, is estopped from subsequently complaining of such negligence or misconduct.

10. No man can complain of a state of affairs which he could have prevented or terminated at any time.

*Appeal from Civil District Court, Division D.   Rightor, Judge.*

Cotton & Levy for plaintiff.
Hudson & Fearn for defendants, appellants.

## ON MOTION TO DISMISS.

McGLOIN, J.—Defendants are sued as a commercial firm, and judgment is demanded against them as such.   The judgment is against said firm and its members, as such, *in solido.* They moved for a suspensive appeal in the name of Sims, Billups & Co., and gave bond in that name.   Plaintiff seeks to dismiss the appeal, on the ground that the individual members, condemned as such, *in solido*, have not signed the bond, and so are not appellants, and as to them the judgment cannot be disturbed, and because the evidence shows that the firm is dissolved, and that its name can be used only in liquidation, and not in the execution of such bonds.

### I.

Viewing this firm as undissolved, we consider that an appeal taken by it, with bond in its name, brings up the judgment for review, and suspends its execution as to the firm, and its individual members.   It is but one judgment that plaintiff has, for one debt, and that is primarily against the firm.   The decree against the individual members is secondary and incidental to that against the partnership.   The firm's action, in this particular, is as much that of the partners as it can be in any other. If this Court reverses the judgment against the copartnership, the individual members owe nothing, and are also necessarily acquitted.

### II.

The petition in this case does not allege the dissolution of this firm; on the contrary, the action is directed against it as an existing copartnership.   The judgment corresponds with the prayer, and condemns the partnership and its members as such.   The defendants, therefore, have shaped their proceeding for an appeal in accordance with this petition, prayer and decree, and we think that they have done all that is required

of them. We are invited to examine certain evidence adduced upon the trial of the case, which it is claimed, establishes the dissolution. We do not consider ourselves called upon so to do, for even if it exists, the judgment in the case ignores the fact, and it is from it that the appeal is prosecuted.

Nor would it follow, even if we arrived thus in advance of time, at a conclusion upon this question, favorable to plaintiff, that the appeal should be dismissed. It may be true, that after the dissolution of a firm, its name expresses nothing, and should not ordinarily be employed. This principle, however, can surely not apply to prohibit all the members of a dissolved firm, from using its name upon entering into a particular contract of any nature. There is nothing to prohibit such a thing.

It has been held, so often in the courts of this State, that the wisdom of the ruling is no longer subject to debate, that the appellant need not sign the bond at all, provided the signature of the surety be properly attached. If such be the law, certainly, where all the members of a dissolved firm unite in affixing its name to the bond, in their behalf, it is at least no worse than if they had abstained entirely from signing.

The cases of Saux v. Lefevre & Co., 12 La. An. 757, and Tupery v. Lafitte & Defarge, 19 La. An. 296, were suits against dissolved firms as such, and judgments against the members accordingly, with only one member attempting to appeal, furnishing his individual bond. It was held, that the co-partner was a necessary party, either as appellant or appellee. Here, however, the suit and judgment are not as against a dissolved firm, and all the partners have appealed, and furnished bond, making use, for that purpose, of the firm name.

The motion to dismiss is, therefore, denied. *

---

*Court of Appeals, Fifth Circuit, Parish of Jefferson.*

---

* The opinion on the merits, in this case, omitted here, by inadvertence, will be found at page 293.